This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40102**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RAYMOND J. GOMEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track One as defined in that order, we affirm for the following reasons.

**{2}**     Defendant appeals from jury trial convictions for possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23 (2019, amended 2021); possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2019); failure to register a vehicle, contrary to NMSA 1978, Section 66-3-1 (2018); no insurance, contrary to NMSA 1978, Section 66-5-205 (2013); and driving while license suspended, contrary to NMSA 1978, Section 66-5-39 (2019), as set forth in the district court's judgment and sentence. [RP 168-74] Defendant contends that the State failed to present sufficient evidence to prove the crimes of possession of methamphetamine and possession of drug paraphernalia. [BIC 4]

**{3}**     "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{4}**     The jury instructions for possession of methamphetamine required the State to prove beyond a reasonable doubt that (1) "[D]efendant had methamphetamine in his possession"; (2) "[D]efendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law"; and (3) "[t]his happened in New Mexico on or about the 15th day of October, 2019." [RP 142]

**{5}**     According to Defendant's brief in chief the following material evidence was presented at trial. In the early morning hours of October 15, 2019, an Alamogordo Police Department officer was on duty when he stopped Defendant's pickup truck for having a registration tag that expired in August 2017. [BIC 1] When the officer asked Defendant for current registration, insurance, and a driver's license, Defendant explained that he did not have those items on him because he was in the process of moving from one home to another. [BIC 1] Defendant's truck did not have a glovebox. [BIC 1] The officer obtained Defendant's information and ran it through dispatch, while a second officer stood with Defendant at his truck. [BIC 1-2] The officer returned and eventually informed Defendant that his driver's license was suspended and that Defendant had an active arrest warrant. [BIC 2] The officer arrested, handcuffed, and searched Defendant, who was at all times cooperative. [BIC 2] Prior to the search, the

officer asked Defendant if he had anything on him that could poke the officer. [BIC 2] Defendant said, "no", but admitted he did have paraphernalia in his pocket. [BIC 2] In Defendant's right front pants pocket was a red drawstring cloth bag with a glass pipe inside and a clear baggie containing a white powdery substance. [BIC 2] The arresting officer gave the items to the second officer who placed them in evidence envelopes. [BIC 2] The officer asked Defendant what was in the clear baggie and he said methamphetamine. [BIC 2] The officer field-tested the substance; it was methamphetamine. [BIC 2] The police sent the evidence to the state laboratory for testing. [BIC 2] At Defendant's trial, the parties stipulated to the admission of the laboratory report that confirmed that the substance found in the clear baggie found in Defendant's pocket was methamphetamine. [BIC 2-3]

{6}    Defendant testified in his own defense, explaining that shortly before he was stopped on October 15, 2019, he had given a ride to his sister's roommate and returned home; he was in the process of moving to and from his sister's home. [BIC 3] The truck he was driving belonged to his late grandfather and was not in the best shape. [BIC 3] The ignition did not work so he used a screwdriver to turn it on and off. [BIC 3] When the officer approached the truck, Defendant was feeling around the bench seat for the screwdriver to turn off the ignition. [BIC 3] The dome light did not work, so it was dark. [BIC 3] In the process of retrieving the screwdriver to turn off the truck, he felt what he believed was a pipe and methamphetamine. [BIC 3] Both common sense and his familiarity with such items is what led him to this belief. [BIC 3] It is also why he was able to tell the officer what was in his pocket. [BIC 3] In the moment, Defendant panicked and put the items in his pocket. [BIC 3] He did not want to get into trouble for having drugs and paraphernalia that did not belong to him. [BIC 3]

{7}    Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant possessed methamphetamine. *See Slade*, 2014-NMCA-088, ¶ 13. Defendant testified and claimed that the methamphetamine and paraphernalia did not belong to him, and suggested that the methamphetamine and paraphernalia belonged to a passenger, who had left the items in the pickup truck. [BIC 1] However, the jury was free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, it was for the jury to resolve any conflicts and determine the weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

{8}    Defendant also challenges his conviction for possession of drug paraphernalia on sufficiency of the evidence grounds. The jury instructions for possession of drug paraphernalia required the State to prove beyond a reasonable doubt that (1) "[D]efendant had a glass pipe in his possession"; (2) "[D]efendant intended to use the glass pipe to plant, propagate, cultivate, grow, harvest, manufacture, compound,

convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, or inject, ingest, inhale or otherwise introduce into the human body a controlled substance"; and (3) "[t]his happened in New Mexico on or about the 15th day of October, 2019." [RP 143]

**{9}** As outlined above, the State presented officer testimony at trial that Defendant had in his right front pants pocket a red drawstring cloth bag with a glass pipe inside along with the methamphetamine. [BIC 2] Also, Defendant admitted both to the officer and on the witness stand that he had paraphernalia and methamphetamine in his pocket, even if Defendant did not also admit to ownership. [BIC 2, 7] Viewing the evidence in the light most favorable to the State, we conclude this evidence is sufficient to sustain Defendant's conviction for possession of drug paraphernalia. *See Slade*, 2014-NMCA-088, ¶ 13; *Salas*, 1999-NMCA-099, ¶ 13; *Rojo*, 1999-NMSC-001, ¶ 19.

**{10}** To the extent that Defendant specifically argues that the State did not present evidence of his intent to ingest methamphetamine from the glass pipe, which the State also did not show that Defendant had used, we are unpersuaded. [BIC 1] It is well-established that "[i]ntent can rarely be proved directly and often is proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)). A defendant's knowledge or intent generally presents a question of fact for a jury to decide. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820. Again, we do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *Griffin*, 1993-NMSC-071, ¶ 17.

**{11}** For the foregoing reasons, we affirm Defendant's convictions.

**{12} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**